Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| OFICINA DE ÉTICA GUBERNAMENTAL<br><br>Recurrida<br><br>V.<br><br>JULISSA JORGE RIVERA<br><br>Recurrente | TA2026RA00233<br><br>antes<br>TA2026CE00538 | *Certiorari,* se acoge como **REVISIÓN ADMINISTRATIVA** procedente de la Oficina de Ética Gubernamental<br><br>Caso Núm. 23-57<br><br>Sobre: Violación al Art. 4.2(B), (G) y (H) de la Ley Orgánica de la Oficina de Ética Gubernamental de PR, Ley Núm. 1 del 3 de enero de 2012, según enmendada |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Aldebol Mora.[1]

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de mayo de 2026.

Procedemos a desestimar el recurso de revisión judicial de epígrafe por recurrir de una *Orden* que no dispone de la totalidad de la querella.

**-I-**

Al examinar el recurso de revisión judicial de epígrafe,[2] y la *Moción en Auxilio de Jurisdicción en que se Solicita la Paralización de los Procedimientos Administrativos,*[3] presentados por la parte Recurrente, Julissa Jorge Rivera, nos damos cuenta que debemos desestimarlos por tratarse de una *Orden* interlocutoria. La misma

---

[1] Panel especial conforme a la Orden Administrativa OATA-2026-056 emitida el 18 de mayo de 2026, que designa a la Juez Aldebol Mora en sustitución de la Jueza Santiago Calderón.

[2] El 30 de abril de 2026 se presentó erróneamente este recurso como un *Certiorari* (TA2026CE00538), por lo cual, el 5 de mayo de 2026, lo acogimos como uno de revisión administrativa (TA2026RA00233).

[3] Presentado hoy 15 de mayo de 2026. Cabe mencionar, que en la misma fecha, se presentó una *Moción Aclaratoria y Solicitando Sustitución de Documento en Récord.*

fue emitida por la Oficina de Ética Gubernamental de Puerto Rico, el 1 de abril de 2026,[4] la cual, denegó una solicitud de sentencia sumaria y la oposición a solicitud de adjudicación sumaria de la Oficina de Ética Gubernamental de PR presentadas por la parte Recurrente. En esencia, la *Orden* recurrida no es final.

**-II-**

**A.**

La Ley de la Judicatura de 2003 establece la facultad revisora de este Tribunal de Apelaciones.[5] Por lo que en el ámbito administrativo, la referida ley nos limita a examinar órdenes o resoluciones finales. En particular, el inciso (c) del Artículo 4.006, dispone que el Tribunal de Apelaciones conocerá: "*[m]ediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas*".[6]

De igual modo, la Regla 56 del Reglamento del Tribunal de Apelaciones limita nuestra jurisdicción revisora a determinaciones administrativas finales

> Esta parte gobernará el trámite de las revisiones de todos los recursos instados ante el Tribunal de Apelaciones para la revisión de las decisiones, los reglamentos, las órdenes, las resoluciones y las providencias **finales** dictadas por organismos o agencias administrativas o por sus funcionarios o funcionarias, ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley.[7]

Por otra parte, la Sec. 4.2 de la Ley de Procedimiento Administrativo Uniforme (LPAU) establece claramente que la agencia deberá emitir una orden o resolución **final** para que pueda ser objeto

---

[4] Notificada el mismo día.
[5] *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24 *et seq.*
[6] 4 LPRA sec. 24y. Énfasis suplido.
[7] Regla 56 del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Abrob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 80, 216 DPR __ (2025). Énfasis suplido.

de revisión judicial en este Tribunal de Apelaciones.[8] A esos fines, dispone:

> Una parte adversamente afectada por **una orden o resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación **de la orden o resolución final de la agencia** […].[9]

Al respecto, el Tribunal Supremo de Puerto Rico ha definido una "orden o resolución final" de una agencia administrativa, como aquella que dispone del caso ante la agencia y tiene efectos de adjudicación y dispositivos sobre las partes.[10] "*Se trata de la resolución que culmina en forma final el procedimiento administrativo respecto a todas las controversias* ".[11]

Por otra parte, cabe indicar que, para que una orden o resolución administrativa se considere final, debe contener determinaciones de hechos y conclusiones de derecho. En lo pertinente, la Sec. 3.14 de la LPAU dispone:

> La orden o resolución **deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación**, [y] la disponibilidad del recurso de reconsideración o revisión según sea el caso. La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.[12]

Así, nuestra jurisprudencia ha sido muy clara en sus explicaciones con respecto a cuándo una resolución u orden administrativa es final —y por tanto revisable—. A saber:

> La [LPAU] contiene una descripción de lo que tiene que incluir una orden o resolución final; esto es, **requiere que incluya unas determinaciones de hecho, las conclusiones de derecho de la decisión**, una advertencia sobre el derecho a solicitar una reconsideración o revisión judicial, según sea el caso, y la firma del jefe de la agencia o de cualquier otro funcionario autorizado por ley.[13]

---

[8] *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9601 *et seq.*
[9] 3 LPRA sec. 9672. Énfasis suplido.
[10] *Depto. Educ. v. Sindicato Puertorriqueño*, 168 DPR 527, 545 (2006).
[11] *Íd.*
[12] 3 LPRA sec. 9654. Énfasis suplido.
[13] *ARPe v. Coordinadora*, 165 DPR 850, 867 (2005).

**B.**

Por otra parte, es norma reiterada en nuestro ordenamiento que *"los tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen"*.[14] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[15] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de jurisdicción es insubsanable.[16]

Un recurso tardío, al igual que uno prematuro, *"adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre"*, por lo que debe ser desestimado.[17] Esto, por razón de que su presentación carece de eficacia y no produce efecto jurídico alguno, dado que no existe autoridad judicial para acogerlo.[18] En consecuencia, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar un recurso a instancia de parte o por iniciativa propia, cuando carezcamos de jurisdicción para atenderlo.[19]

---

[14] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).

[15] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).

[16] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).

[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *SLG Szendrey-Ramos v. F. Castillo*, supra, pág. 883.

[18] *Íd.*

[19] En particular, la referida Regla 83 del reglamento de este tribunal dispone, en lo pertinente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> . . .
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.

Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Abrob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025).

**-III-**

A tono con el tracto procesal antes reseñado, el recurso de revisión judicial presentado por la parte Recurrente pretende que revisemos la denegatoria a su solicitud de sentencia sumaria y su oposición a la solicitud de adjudicación sumaria presentada por Oficina de Ética Gubernamental de PR. Sin embargo, la *Orden* recurrida emitida por la Oficina de Ética Gubernamental de PR, no es final. Por lo cual, todavía no se ha tomado ninguna decisión **final** sobre la querella presentada contra la parte Recurrente.

En conclusión, la *Orden* recurrida no es una determinación final sujeta a ser escrutada en los méritos por este foro intermedio. Por lo tanto, desestimamos el presente recurso de revisión judicial y la moción de paralización en auxilio de jurisdicción por carecer de jurisdicción.[20]

**-IV-**

Por los fundamentos antes expresados, se **desestima** el recurso de epígrafe y la solicitud de paralización en auxilio de jurisdicción.

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[20] Queda sin efecto la Resolución del 6 de mayo de 2026, en la que ordenamos a la Oficina de Ética Gubernamental de PR a presentar su alegato en oposición.